evidence that was available to show that Rondelle and his witnesses were in error. In the absence of such evidence their testimony cannot be rejected simply because there is an apparent possibility of error."

The Board approved the views expressed by the Examiner of Interferences, but regarded as unnecessary a repetition of the same in its decision.

Rondelle's other corroborating witness, Libonati, was an automobile mechanic. He describes the device in detail, and states that he rode in Rondelle's car after the device was installed and noticed that it decreased the vibration. Libonati stated that this took place some time between May 2 and the first part of June, 1929, and fixes the date on account of his wife's birthday (May 2) and the date when he took his annual vacation, which vacation period was the first two weeks of June.

Appellant here argues that Libonati's wife must have had a birthday every year, and that Libonati might have witnessed the demonstration of the device in 1930 rather than in 1929. Here again it may be suggested that there was but meager cross-examination of Libonati, and nothing appears in the record which contradicts or weakens his positive and definite testimony.

As has been pointed out in detail in appellant's brief, there are certain elements of weakness in the testimony offered by the appellee. Notwithstanding this fact, the very positive and definite features of the testimony of the witnesses heretofore referred to have not been rebutted, and we, like the tribunals below, cannot reject the same as being insufficient proof of the facts claimed merely because it is possible that the witnesses might have been mistaken.

The Examiner of Interferences and the Board are in complete accord on the only question presented in the case, which is a question of fact, and under the well-known rule this court will not reverse the decision of the Board under such circumstances, unless it is clearly erroneous.

We are in accord with the decision of the Board of Appeals in holding that Rondelle has established conception and reduction to practice of the invention defined by the counts prior to the alleged date of conception of the party Berman, and that priority of invention of the subject-matter in issue was properly awarded to the appellee.

The decision of the Board of Appeals is affirmed.

**Affirmed.**

22 C. C. P. A. (Patents)

### In re HULL.

### Patent Appeal No. 3460.

Court of Customs and Patent Appeals.

March 25, 1935.

Geo. H. Strickland, of Dayton, Ohio (Ralph L. Tweedale, of Dayton, Ohio, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner denying patentability, in view of the prior art, of all claims (1 to 5, inclusive) of an application entitled "Refrigerating Apparatus."

The broad title, "Refrigerating Apparatus," is doubtless used because the application involved purports to be a continuation of a prior application relating to refrigerating apparatus.

The claims in the application before us actually relate solely to a pulley. It is described in claim 3, as follows: "3. A pulley having a rim, said rim having a relatively heavy metal under-portion having a rough surface nearest the belt contacting surface and a hard plating upon said rough surface providing a hard rough coating for said metal portion, said plating being built up to a greater amount upon the high portions of the rough surface than upon the low portions."

The teaching of the claim is, in essence, the plating of the roughened surface of a metal pulley with chromium, in order to render such surface more durable.

Numerous references were cited as follows: Gubbins (British) 10,721, July 3, 1889; Wardwell, 334,998, January 26, 1886; Foltzer (Swiss) 80,441, May 16, 1919; Yngve, 1,511,555, October 14, 1924; Payne, 1,600,961, September 21, 1926; Kerr, 1,619,-793, March 1, 1927; Newhouse, 1,792,921, February 17, 1931.

In view of the concessions which the brief for appellant, with commendable frankness, makes, we need not analyze the several references in detail.

From the brief we quote the following:

"Patents set up as anticipating appellant's invention do not show a chromium plated pulley. They show the following features, the existence of which this appellant will concede in order that the consideration of this case may be narrowed to the principal question at issue.

"(1) A pulley having rough driving surfaces.

"(2) The use of chromium plating to increase the wear resisting qualities of various elements.

"(3) A process of electroplating wherein the tendency of the metal to deposit to a greater thickness on top of ridges than between the ridges is recognized."

So, the sole question to be determined here is whether a pulley having its roughened surface chromium plated is patentable.

The result which was obtained by electroplating the roughened pulley surface was not a new or unexpected result. Appellant procured precisely what he, as one skilled in the art, knew, from the prior art, would result, viz., an article which would wear longer under the anticipated friction action of the belt. He simply produced by means already known and already successfully demonstrated a wear-resisting article. Even the tendency of the metal to deposit greater thickness on top of ridges than between ridges was known.

Doubtless the article is an improvement, but, like the tribunals of the Patent Office, we are unable to agree that it constitutes an invention.

The decision of the Board of Appeals is affirmed.

**Affirmed.**